UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

---

ZHU JUN, *also known as* JUN JANE LEGALL,

                        Plaintiff,

-v-

BANK OF AMERICA, N.A., *et al*.
                        Defendants.

22-CV-10301 (JPO)

ORDER

---

J. PAUL OETKEN, District Judge:

    Plaintiff filed this matter in this Court pursuant to its diversity jurisdiction, 28 U.S.C. §1332.  Diversity jurisdiction does not exist, however, "where on one side there are citizens and aliens and on the opposite side there are only aliens."  *Universal Licensing Corp. v. Paola del Lungo S.p.A.*, 293 F.3d 579, 580–81 (2d Cir. 2002).  Here, Plaintiff is a citizen of France.  (Dkt. No. 1.)  She has brought suit against defendants who are a mix of U.S. and foreign citizens: Defendant Alfredo Saenz Abad is a Spanish citizen, while Bank of America, N.A., Bank Santander, N.A., Daniel Smith, Frederick E. Hurd, and David Grayson are apparently U.S. citizens.[1]  (*Id.*)

    For this reason, the Court lacks subject matter jurisdiction over this matter.  *See Ahluwalia v. St. George's Univ., Ltd.*, No. 13-CV-3735 ADS GRB, 2014 WL 1572269, at *2 (E.D.N.Y. Apr. 17, 2014) ("As such, regardless of the citizenship of the other parties to this

---

[1] Defendant Ceenaj appears to be a foreign citizen, given that it is incorporated in the United Kingdom and Plaintiff alleges that it has only "a place of business"—rather than a *principal* place of business—in the U.S.  "A corporation is a citizen of its state of incorporation and of its principal place of business. That principal place of business should normally be the place where the corporation maintains its headquarters." *Dos Santos v. Assurant, Inc.*, No. 21CIV6368PAERWL, 2022 WL 3974594, at *11 (S.D.N.Y. Sept. 1, 2022) (citing *Hertz Corp. v. Friend*, 559 U.S. 77, 93 (2010) (cleaned up)).

action, because there are foreign parties on both sides of this case, diversity is absent and the Court may not exercise subject matter jurisdiction over the lawsuit."). *See also* Fed. R. Civ. P. 12(h)(3) ("If the Court determines at any time it lacks subject-matter jurisdiction, the court must dismiss the action.").

    This matter is therefore DISMISSED without prejudice.

    The Clerk of Court is directed to close this case.

    SO ORDERED.

Dated: December 7, 2022
       New York, New York

                                            J. PAUL OETKEN
                                          United States District Judge